Green, J.
delivered the opinion of the court.
The plaintiff in error was indicted, in Coffee county circuit court, for larceny, convicted and sentenced to confinement in the penitentiary, for the term of eleven years, from which judgment he appealed to this court.
The indictment contains four counts. The first count charges, that the defendant did steal Wilson, a slave, the property of Joseph Willis. The second count charges the stealing Wilson, a slave, the property of William H. Willis. The third count charges the stealing a gray mare, the property of Abner Bryant, and the fourth count charges the stealing a bay horse, the property of John Ganaway.
The defendant moved the court to quash the indict-,rpgjr£^*vifinch was refused. The defendant then moved the court, to compel the prosecutor to elect on which of the charges he would proceed, which was also refused, and the defendant was put upon his trial on the entire indictment.
During the trial, and after it had been announced that the evidence had closed, and one attorney on behalf of the State, and one for the defendant, having argued the cause to the jury, the court suggested to the Attorney General, that he might introduce evidence in relation to the venue, and thereupon several witnesses were examined. The court offered to permit the defendant to introduce witnesses to that point, which he declined to do. The argument of the cause was then concluded. During the trial the defendant read to the jury, an act passed the 30th of January, 1846, entitled “an act to attach a portion of the county of Coffee to the county of Grundy,” and the State introduced witnesses to prove *113 that tbe line described in that act would run within less than twelve miles of the seat of justice of Coffee county. The court told the jury that if the line described in said act, runs within less than twelve miles of the seat of justice of Coffee county, it is unconstitutional and void.
His Honor, in his charge to the jury, said that although the negro might be runaway when he was taken, still, if the owner pursued him and continued to enquire after him, he might be the subject of larceny. The defendant was found guilty and appealed to this court.
1. It is now earnestly insisted that the circuit court erred, in refusing to quash the indictment, and in refusing to compel the prosecutor to elect on which count he would proceed.
The authorities referred to, certainly establish the principle, that a defendant ought not to be charged with different felonies, in different counts of the same indictment. It is calculated to confound the prisoner in his defence, and to deprive him of the full benefit of the challenges allowed him by law, and the humanity óf the law, will therefore, induce the court, in most cases of this kind, to quash the indictment, or put the prosecutor to his election on which count he will proceed. But it may sometimes be proper to unite in the same indictment different offences, when they are of the same character, differing only in degree, as in the case of The People vs. Rynelers, (12 Cow. 435) when it was held; that a charge for forging a check, and also for publishing it as true, knowing it to be false, were properly united. There is therefore in point of law, no objection to the insertion of several distinct felonies of the same degree, though committed at different times, in the same *114 indictment, against the same offender, and it is no ground, either of demurrer or arrest of judgment. 1 Chit. Cr. L. 235; Arch. Cr. Pl. ch, 1, sec. 5, page 61. Wright vs. State, 4 Hump. R. 195. Both Chitty and Archbold, while they lay down the principle, that such joinder ought not to be allowed, also, state, that it is no objection in arrest of judgment, and so this court held in the case of Wright vs. The State. 4 Hump. 195.
We cannot, therefore, say that his Honor erred, in refusing to quash this indictment. It is a matter of practice, that must be left to the discretion of the court, to be exercised under the influence of an enlightened sense of justice and humanity.
2. It is next objected, that the court erred, in suggesting to the Attorney General, the propriety of introducing evidence in chief, after the proof had been closed, and the argument before the jury had been opened. It is certainly true that the course of practice pursued, upon this occasion, is unusual.
In the view his Honor took of the subject, the venue had not been proved, and as the question did not touch the merits of the case, he doubtless supposed, he was exercising a discretion proper in itself and calculated to attain the justice of the case before him. This court, in the case of Smith vs. Britton, (4 Hump. R. 201) state the rule of practice to be: “ That’ the plaintiff shall, in the opening of the case, examine all his testimony that goes to establish his action; the defendant shall then introduce his proof, upon his matters of defence, and his testimony rebutting the proof adduced by the plaintiff, and then the plaintiff any which may rebut that of the defendant, but nothing in chief but by permission of the court, which permission, as we have said, ought not to *115 be extended, except for good and sufficient reason shown.” “The relaxing the rule,” the court says, “is a matter of discretion with the court, and so difficult is it to reverse, for the exercise of a discretion, that many courts have refused to do so.”
Unquestionably cases can be imagined of erroneous exercise of a legal discretion by . an inferior court, for which a superior court, would reverse the judgment, but in practice such cases rarely occur. Certainly the one before us is not such a case.
3. It is insisted that his Honor erred, in telling the jury they could disregard the act of the 30th of January, 1846, attaching part of Coffee county to Grundy county» if, from the proof, they should believe the line therein described, was within less than twelve miles of the seat of justice of Coffee county.
Perhaps his Honor, in this collateral way, should not have decided upon the constitutionality of this act. But we judicially know, that this act of assembly, came directly under review, in this court, at its last term, in the case of Gotcher et als. vs. Burrows et als., (9 Hum.) when it was determined, that the said law was in violation art. 10, sec. 4, of the constitution, which provides, that “ no line of such county shall approach the court house of any old county, from which it may be taken, nearer than twelve miles,” and was therefore unconstitutional and void. This decision had been made previously to the trial in the circuit court, of the cause now before us, and it was competent for the circuit judge, judicially, to know of the existence of this decision of this court, and, without any proof upon the subject, to have stated to the jury, that the act of the 30th of January, 1846, read to them by the defendant, was unconstitutional and *116 void, and could not be looked to by them, as proof that the offence charged in the indictment had been committed in Grundy county.
There can, therefore, be no ground to reverse this judgment on this point, if it were conceded that his Honor erred, as to the mode of arriving at the conclusion to which the exercise of his judicial knowledge would have brought him.
4. It is insisted his Honor erred, in telling the jury, that although the slave stolen was runaway from his owner at the time, yet if the owner continued in pursuit, he was the subject of larceny.
In this instruction there is no error. This court decided at Jackson the last term, after full argument and consideration in the case of Morehead and Bryant vs. The State, (9 Hump. R.) that a runaway slave is the subject of larceny.
Upon the whole we think there is no error in this record, and the judgment be affirmed.